UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

       Plaintiff,

   v.

UNITED STATES OF AMERICA, *et al.*,

       Defendants.

CASE NO. 3:21-cv-05668-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 1, 2021

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff John Demos, a bar-order litigant, files a "motion for a permanent injunction" (emphasis omitted) that the Court construes as a proposed complaint in this matter. Dkt. 1-1. Plaintiff asserts that the Washington State legislature has hired lobbyists to prepare fraudulent redistricting plans and that plaintiff has been denied his right to vote on the basis of nine characteristics. Dkt. 1-1, at 1–2. Plaintiff did not apply to proceed *in forma pauperis* (IFP) or pay the filing fee, meaning his proposed action is improperly before this Court.

1     Even if Plaintiff had applied to proceed IFP, his application would be denied.  Plaintiff is

2     well-known locally and nationally as an abusive litigant.  He is under pre-filing bar orders in a

3     number of courts, including this Court, the Eastern District of Washington, the Washington State

4     courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  *See, e.g.*,

5     *Demos v. Storrie*, 507 U.S. 290, 291 (1993).  In this Court, Plaintiff is permitted to submit only

6     three IFP applications and proposed actions each year.  *See In re John Robert Demos*, No. C91-

7     269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert*

8     *Demos* (W.D. Wash. Dec. 15, 1982).  *See also Demos v. Stanley*, MC97-0031-JLW (W.D. Wash.

9     Mar. 13, 1997) (providing for the return without filing of any petition that seeks an extraordinary

10    writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee).

11    Plaintiff must also, under 28 U.S.C. § 1915(g), demonstrate "imminent danger of serious

12    physical injury" to proceed IFP because he has had more than three prior actions dismissed as

13    frivolous, malicious, or for failure to state a claim.  *See Demos v. Lehman*, MC99-113-JLW

14    (W.D. Wash. Aug. 23, 1999).

15    Plaintiff has already reached his yearly filing limit.  *See, e.g.*, *Demos v. Pence, et al.*, No.

16    C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ

17    (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.).  Nor does the

18    proposed complaint contain "a plausible allegation that [he] faced imminent danger of serious

19    physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007)

20    (internal citations omitted).  He is therefore precluded from proceeding IFP in this action.

21    Further, even if Plaintiff had paid the $405 filing fee, this action would still be subject to

22    dismissal.  Pursuant to 28 U.S.C. § 1915A, the Court is required to review prisoner complaints

23    which "seek[] redress from a governmental entity or officer or employee of a government

24

1    entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to

2    state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant

3    who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443,

4    446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).  "The purpose

5    of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense

6    of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v.*

7    *Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).  A complaint is frivolous

8    when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir.

9    1984).  In this case, a review of Plaintiff's proposed complaint reveals, among other issues, that

10   it is patently frivolous.

11        Based on the foregoing, the Court recommends this action be DISMISSED without

12   prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

16   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

17   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

18   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 1,**

19   **2021,** as noted in the caption.

20        Dated this 15th day of October, 2021.

21

22        J. Richard Creatura
         Chief United States Magistrate Judge

23

24